Mr. Justice Olin
delivered the opinion of the court:
The action in this case was brought by plaintiff as holder of a promissory note made by the defendants Smoot and Pomeroy, bearing date on the 27th of November, 1873, for $7,000, which note was made payable to the order of the defendant Darling at the Second National Bank, Leavenworth, Kans., with 12 per cent, interest until paid. This note, thus made and indorsed, was transferred by indorsement to the plaintiff.
The cause was tried at the circuit court in this District before Justice Humphreys, which resulted in a verdict for the plaintiff, though I cannot find that in the record; but I suppose that if the verdict had been in favor of the defendants, they would not have brought the case here on a bill of exceptions, and I think for this reason, and this alone, that the verdict of the jury must have been against the defendants.
*372 But this is by no means the chief objection to this paper called a bill of exceptions. After wading through the bill of exceptions, in which seems to be printed not only every question put by counsel on either side, but also questions put by the court, comments or remarks by counsel and court, whether the same were of any or the slightest importance in the world,thewhole thing looks like an attempt to daguerreotype all the ludicrous features of a trial, rather than attempt to present such questions of law as the facts proven „on the trial tended to raise.
For the evidence of this, select any page of the 48 printed pages of this bill of exceptions, so called. Take, for illustra. tion, pages 18 and 19 of this record.
The case is in this wise :
Some time before 1873, Smoot, one of the defendants, obtained a loan from the plaintiff, Second National Bank, Leavenworth, Kans., of $20,000.
This loan of $20,000 from the bank was secured by the promissory notes of Smoot and Pomeroy, the latter said to be a Senator from Kansas. These notes were given, one for $8,000, one for $7,000, and one for $5,000. These notes were made payable on time, executed and sent from Washington, D. C., to the bank in Kansas; and the bauk paid to the defendant Smoot the proceeds of these notes, less the discount for the time they had to run, at the rate of 12 per cent, per annum. The rate of interest agreed upon in the notes was 12 per cent, per annum after the maturity of the notes until paid; 12 per cent, per annum being the highest rate of interest allowed by law to be taken for the loan of money in the State of Kansas. These notes not being paid at maturity, some or all of them, new notes were given in renewal, and the new notes secured the payment of the amount due, including principal and interest, at the rate above mentioned.
Thus went on the dealings between Smoot and the bank until all of the loan of $20,000 and interest thereon was paid, except a note for $7,000, dated 27th of November, 1873, payable 90 days after date at the bank in Kansas, made by Smoot and Pomeroy and indorsed by the other defendant Darling, upon which note this suit is brought.
The plea interposed was the general issue. Under that *373 issue was attempted to be tried whether, if the loan was not usurious in its inception, it did not become so by the arrangements that were made on the renewal of the various notes that were given. Without stopping to inquire whether the defense of usury may be interposed to a suit brought upon a promissory note where the plea of the general issue is alone interposed, on looking through this cause it seems quite unnecessary to consider that question.
The defense seemed to have relied mainly on three propositions :
1st. That the notes given to secure the original loan of $20,000 being actually made and signed in this city and sent to the bank of Leavenworth and by it discounted, it was a contract made in Washington and not in Kansas, and that the law upon the subject of usury in this District must govern this contract of loan ipstead of the usury laws of Kansas, the rate of interest authorized to be contracted to be paid being much less per annum than the rate allowed by the law of Kansas.
We think this proposition cannot be maintained. No valid contract was made for this loan of $20,000 until the notes offered as a security for its payment were accepted by the plaintiff, and the money advanced upon them. It seems hardly necessary to inquire whether, in such a transaction, the law of usury of this District should be applied to it, or the law of the State of Kansas, in which State the plaintiff had a legal existence, and nowhere else.
2d. That, by the arrangement entered into by which the discount was taken out of the proceeds of these notes, whether of original or renewals, the contract was usurious.
This proposition cannot be sustained. To take out interest in advance is discounting a note, without regard to the rules of rebate or discount, and there is no distinction between bankers and others. Manhattan Bank vs. Osgood, 15 Johns., 168; Bank of Utica vs. Wager, 2 Cow., 712; New York Fireman’s Insurance Company vs. Ely, 2 Cow., 678; New York Fireman’s Insurance Company vs. Sturges, 2 Cow., 664; Utica Insurance Company vs. Bloodgood, 4 Wend., 652.
3d. That some one or more of the renewal notes were made payable in the city of New York, in which State the law al *374 lowed, upon contracts made by its citizens to be performed within the State, a rate of interest not to exceed 7 per cent, per annum. That this agreement did not render the loan usurious, see Pratt vs. Adams, 7. Paige Ch., 655, in which it was held that a contract for a loan of money at a rate of interest which is legal in the State where the contract is made and where the loan is to be advanced, though the money is to be repaid in a State where the rate of interest is lower, is not usurious, provided it be not a mere device to evade the laws of the State where the money is to be repaid.
The corporate existence of the plaintiff was confirmed by law to the limits of the State of Kansas, and both under the laws of Kansas and the laws of Congress it was authorized to loan money at such rate per annum as was allowed by the law of Kansas. The bank was not authorized to transact its business outside of the limits of the State of Kansas, yet no law of Congress or of the State of Kansas precluded a citizen of this District or of any other State in the Union from making a loan from the plaintiffs at any rate of interest allowed by law in Kansas.
I see no error in the ruling of the justice who presided at the trial prejudicial to the defendant. The defense interposed was that of usury j and as we think there was no evidence in the case — all of which was recited in the bill of exceptions— proving or tending to prove any usurious agreement, the judgment of the court below must be affirmed with costs.